**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Lorrayne Inacia Arantes,<br>    Petitioner,<br><br>V.<br><br><br>DAVID WESLING, Boston Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operations ("ICE/ERO");<br>DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement ("ICE");<br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security ("DHS");<br>U.S. DEPARTMENT OF HOMELAND SECURITY; and<br>TODD BLANCHE, Acting Attorney General of the United States,<br>    Respondents. | **Case No.: 1:26-cv-12972**<br><br>**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2241** |

## I.    INTRODUCTION

1. Petitioner, Lorrayne Inacia Arantes, is a native and citizen of Brazil currently detained in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Burlington Enforcement and Removal Operations ("ERO") office in Burlington, Massachusetts.

2. Petitioner was lawfully admitted to the United States as a B-2 nonimmigrant visitor approximately ten years ago. She has continuously resided in this country since that time.

3. On June 28, 2026, DHS officers took Petitioner into custody in Massachusetts.

4. Respondents nevertheless continue to detain Petitioner without providing the individualized custody determination required by law. Because Petitioner was lawfully admitted to the United States and is not subject to a final order of removal, her detention

1

is governed by 8 U.S.C. § 1226(a), not the mandatory detention provisions of 8 U.S.C. § 1225(b). As such, Petitioner is entitled to an individualized custody determination before an Immigration Judge.

5. Petitioner therefore seeks a writ of habeas corpus challenging her continued detention without the custody determination required by law.

## II.    JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

7. Venue is proper in this district because, on information and belief, Petitioner is detained within the District of Massachusetts.

## III.    PARTIES

8. Petitioner, Lorrayne Inacia Arantes, is a native and citizen of Brazil currently detained by U.S. Immigration and Customs Enforcement within the District of Massachusetts.

9. Respondent David Wesling is the Field Office Director for the Boston Field Office of U.S. Immigration and Customs Enforcement Enforcement and Removal Operations in Burlington, Massachusetts ("ICE," "ERO"), which exercises jurisdiction over ICE detention operations in Massachusetts. In that capacity, he has legal custody over noncitizens detained within the Boston Field Office's jurisdiction, including Petitioner, and is responsible for decisions relating to Petitioner's arrest, detention, custody classification, and release. Respondent Wesling is a legal custodian of the Petitioner.

10. Respondent David Venturella is the Acting Director of U.S. Immigration and Customs Enforcement. He exercises authority over the operations of ICE nationwide, including the

2

actions of ICE/ERO's Boston Field Office. Respondent Venturella is a legal custodian of Petitioner.

11. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security ("DHS"), the federal agency charged with enforcing the immigration laws of the United States. DHS oversees ICE and is ultimately responsible for the detention of Petitioner. Respondent Mullin is a legal custodian of Petitioner.

12. Respondent U.S. Department of Homeland Security is the federal agency responsible for implementing and enforcing the immigration laws of the United States, including the detention and removal of noncitizens.

13. Respondent Todd Blanche is the Acting Attorney General of the United States and the head of the U.S. Department of Justice. The Attorney General has ultimate supervisory authority over the immigration courts and the Board of Immigration Appeals and is charged with ensuring compliance with federal law in immigration detention and removal matters.

## IV.   FACTUAL BACKGROUND

14. Petitioner Lorrayne Inacia Arantes is a native and citizen of Brazil.

15. Petitioner was lawfully admitted to the United States in or about 2016 on a B-2 Visitor Visa. She has resided continuously in the United States since that date.

16. On information and belief, Petitioner has no criminal convictions, has not been ordered removed from the United States and is not subject to any final order of removal.

17. On or about June 28, 2026, Petitioner was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") agents in Massachusetts.

18. To date, Petitioner has not been afforded an individualized redetermination before a neutral adjudicator at which the government has been required to justify her continued detention.

19. Petitioner accordingly seeks a writ of habeas corpus ordering Respondents to provide her a prompt individualized bond hearing before a neutral adjudicator at which the government bears the burden pursuant to *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021), of justifying her continued detention, or in the alternative, ordering her immediate release. Petitioner further seeks an order prohibiting Respondents from transferring her outside the District of Massachusetts during the pendency of these proceedings.

## V.   REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243

20. The Court must grant the petition for writ of habeas corpus or issue an order to show cause ("OSC") to the Respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

21. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963).

22. Petitioner is "in custody" for the purpose of § 2241 because Petitioner is arrested and detained by Respondents.

4

## VI.    CLAIMS FOR RELIEF

<u>Count I</u>
### Violation of the Fifth Amendment Right to Due Process
### (Procedural Due Process)

23. Petitioner incorporates the foregoing paragraphs as if fully set forth herein.

24. "Freedom from imprisonment, from government custody, detention, or other forms of physical restraint, lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Due Process Clause protects "all 'persons' within the United States, including aliens." *Id.* at 693.

25. Where a noncitizen is detained pursuant to 8 U.S.C. § 1226(a), due process requires a prompt, individualized bond hearing before a neutral adjudicator at which the government bears the burden of proving by clear and convincing evidence that the noncitizen is a danger or a flight risk that cannot be mitigated by conditions of release. *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021).

26. Placing the burden on the detainee, or applying any lesser standard of proof, is constitutionally inadequate given the substantial private interest at stake, the heightened risk of erroneous deprivation, and the comparatively modest burden on the Government of coming forward with evidence of dangerousness or flight risk. *See Mathews v. Eldridge*, 424 U.S. 319 (1976).

27. Respondents have detained Petitioner without affording her the constitutionally required process. Petitioner has not received an individualized custody hearing consistent with *Hernandez-Lara*, and her ongoing detention rests on no judicial or administrative finding, by clear and convincing evidence, that she poses a danger to the community or a risk of flight that cannot be mitigated by conditions of release.

28. Petitioner's continued detention under these circumstances violates the procedural component of the Due Process Clause of the Fifth Amendment to the United States Constitution.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner respectfully requests this Honorable Court grant the following:

1) Assume jurisdiction over this matter;

2) Order that Petitioner shall not be transferred outside the District of Massachusetts, or in any event outside the geographic boundaries of the First Circuit, during the pendency of this action;

3) Issue an Order to Show Cause ordering Respondents to show cause as to why this Petition should not be granted within three days;

4) Declare that Petitioner's detention without an individualized bond hearing violates 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment to the United States Constitution;

5) Declare that Petitioner is detained under 8 U.S.C. § 1226(a) and is not subject to detention under 8 U.S.C. § 1225(b) or mandatory detention under 8 U.S.C. § 1226(c), and order that at any custody determination conducted pursuant to this Court's writ, the Immigration Judge shall not deny bond on the ground that Petitioner is subject to § 1225(b);

6) Issue a Writ of Habeas Corpus ordering Respondents to either (a) immediately release Petitioner from custody, or (b) afford Petitioner a constitutionally adequate custody determination before a neutral adjudicator at which the Government bears the burden of proving by clear and convincing evidence that continued detention is justified by danger

to the community or risk of flight that cannot be mitigated by conditions of release, consistent with *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021); and

7) Grant any such further relief as the Court deems just and proper.

Respectfully submitted,
Counsel for Petitioner,

*/s/ Gabriela Cerretani*                                    Dated: June 29, 2026

Gabriela J. Cerretani
BBO No. 706130
Georges Cote Law LLP
235 Marginal Street
Chelsea, MA 02150
(617) 884-1000
(857) 337-4631

7